UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID H. BAKER,

                 Plaintiff,

     v.

STEVEN GEROULD, et al.,

        Defendants.
_____

DECISION & ORDER

03-CV-6558L

**PRELIMINARY STATEMENT**

        Plaintiff, an employee of the New York State Department of Environmental Conservation (the "DEC"), commenced this action under Sections 1983 and 1985 of Title 42 of the United States Code, alleging that defendants failed to promote him to the position of Captain in retaliation for having exercised his constitutional rights. (Docket # 56). By order dated January 27, 2004, the above-captioned matter has been referred to the undersigned for the supervision of pretrial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B). (Docket # 15).

        On November 1, 2006, plaintiff filed a motion to compel, *inter alia*, the production of electronic communications ("emails") between and among the parties. (Docket # 71). Initially, defendants responded that they would produce all responsive emails, and some such communications apparently have been produced. (*See* Docket ## 86, 92). Following a dialogue between counsel concerning the scope of the production, plaintiff renewed his motion, challenging the adequacy of the production. (Docket # 86).

Following oral argument on the motion, this Court directed defendants to submit an affidavit describing the search undertaken to locate the requested emails. In response, defendants filed an affidavit of the Director of the DEC's Division of Information Services, Leslie Brennan. Instead of explaining the steps undertaken to search for the emails, however, the affidavit only described the work that would be entailed in restoring deleted data from backup sources. (Docket # 97). Although Brennan evidently assumed that as a result of the systematic, automatic deletion of unsaved emails generated more than twelve months earlier, any additional responsive emails between the parties were not reasonably accessible, his affidavit does not address what efforts, if any, were employed to search for such emails from accessible sources. *Id.* For example, Brennan's affidavit does not identify whether any search was undertaken to locate archived or saved emails, which, as he explained, was one method available to users to avoid deletion of emails.

After reviewing Brennan's affidavit, counsel for plaintiff renewed his argument that defendants should be compelled to search for additional emails, even if such a search would require defendants to expend resources in order to restore deleted data. (Docket # 99). For the next several months, this Court and counsel attempted to reach a negotiated resolution of the dispute. Those efforts were ultimately unsuccessful, and counsel for the plaintiff now requests a judicial resolution of the dispute. (Docket # 119).

## DISCUSSION

The threshold requirement of discoverability under the Federal Rules of Civil Procedure is whether the information sought is "relevant to any party's claim or defense."

Fed. R. Civ. P. 26(b)(1). To be discoverable, the information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The relevance standard is necessarily broad in scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). *See Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1368 (2d Cir. 1991) (parties entitled to discovery of any matter that appears "reasonably calculated to lead to the discovery" of evidence) (quoting Fed. R. Civ. P. 26(b)(1)); *American Banana Co. v. Republic Nat'l Bank of New York*, 2000 WL 521341, *2 (S.D.N.Y. 2000) ("Rule 26 plainly allows discovery related to the claims and defenses of any party"). Indeed, in the context of employment cases, the Supreme Court has explained that "liberal civil discovery rules give plaintiffs broad access to employers' records in an effort to document their claims." *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 657 (1989).

Potentially discoverable evidence, of course, includes electronically stored information, such as email communications between and among the parties. Fed. R. Civ. P. 26(b)(2)(B). *See*, *e.g.*, *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 317 (S.D.N.Y. 2003) (Scheindlin, J.) ("electronic documents are no less subject to disclosure than paper records") (quoting *Rowe Entertainment, Inc. v. William Morris Agency, Inc.*, 205 F.R.D. 421, 428 (S.D.N.Y. 2002)). If relevant electronically stored information is not reasonably accessible, the responding party may resist its production upon a showing that such information is "not reasonably accessible because of undue burden or cost." Fed. R. Civ. P. 26(b)(2)(B). Even if such a showing is made, the court retains the discretion for "good cause" to order disclosure of

such material.  *Id.*  According to the Advisory Committee's notes to the 2006 amendments to Rule 26(b)(2),

> The decision whether to require a responding party to search for and produce information that is not reasonably accessible depends not only on the burdens and costs of doing so, but also on whether those burdens and costs can be justified in the circumstances of the case.  Appropriate considerations may include: (1) the specificity of the discovery request; (2) the quantity of information available from other and more easily accessed sources; (3) the failure to produce relevant information that seems likely to have existed but is no longer available on more easily accessed sources; (4) the likelihood of finding relevant, responsive information that cannot be obtained from other, more easily accessed sources; (5) predictions as to the importance and usefulness of the further information; (6) the importance of the issues at stake in the litigation; and (7) the parties' resources.

Fed. R. Civ. P. 26, advisory committee's note (2006).

Under this framework, a court does not reach the two-fold question of whether inaccessible sources of electronically stored information should be searched and, if so, which party should bear the associated costs unless it is first satisfied that the request seeks relevant information that is not available from accessible sources.  *Id.*  ("Under this rule, a responding party should produce electronically stored information that is relevant, not privileged, and reasonably accessible, subject to the (b)(2)(C) limitations that apply to all discovery").  This is because relevant considerations in determining whether to order a search of inaccessible sources include "the quantity of information available from other and more easily accessed sources" and "the likelihood of finding relevant information that seems likely to have existed but is no longer available on more easily accessed sources."  *Id.  See also Zubulake v. UBS Warburg LLC*, 217 F.R.D. at 323 (one of the two most important considerations is "the availability of such information from other sources").

The record as it has been developed permits a finding as to the relevance of the requested emails, but not as their availability from accessible sources. Turning first to relevance, I note that defendants' position on this issue is not clear. On the one hand, defendants did not object to the original request and indeed responded that they would produce responsive emails. (*See* Docket # 92 at ¶ 6; Docket # 93 at Exhibit ("Ex.") C). On the other hand, they recently cited an earlier letter sent by their counsel to plaintiff's counsel raising general objections to plaintiff's requests as "vague, ambiguous and overbroad."[1] (Docket # 120, Ex. A). Even assuming defendants have not waived any relevance objection, I find that such an objection is not well-founded. Although the original request sought without limitation "any and all [d]ocuments [c]oncerning any [c]ommunications between the [p]arties or their agents," counsel for both sides apparently have interpreted the request to seek emails "relevant" to this litigation. (*See* Docket # 93 at ¶ 12). Those communications would include emails concerning the snowmobile accident on March 6, 2002, the investigation and preparation of reports concerning the accident, and the subsequent decisions whether to promote the plaintiff. Narrowed in this fashion, the request is proper.

As noted by this Court during oral argument, insufficient information had been presented at that time to determine the adequacy of defendants' search for the requested emails from accessible sources. Regrettably, the record is no more fully developed now than it was then. Although it is clear that some email communications have been turned over,[2] the source or sources of those communications is not clear. For example, it is unknown whether those emails

---

[1] A copy of this letter has not been provided to the Court for review.

[2] The record is also insufficient to determine the "quantity of information available from other and more easily accessed sources," which is a relevant consideration under Fed. R. Civ. P. 26(b)(2)(B).

were recovered from existing hard drives, backup hard drives or traditional files used to maintain paper records. It is likewise unknown whether computer and/or paper files have been searched for all defendants, some of whom are no longer employed by the DEC, but some of whom are.

In the absence of this information, which, despite this Court's earlier ruling, still has not been presented, this Court cannot reasonably resolve whether defendants should be put to the expense and effort of restoring deleted electronic communications spanning a multi-year period. Rather, at this stage, the appropriate next steps are the following:

(1) By **April 6, 2008**, counsel for defendants shall identify in writing the name(s) and position(s) of the individual(s) with knowledge concerning the steps undertaken to search for responsive emails from accessible sources.

(2) By **April 13, 2008**, counsel for plaintiff may serve a notice to depose the identified individual(s) concerning the search. Such a deposition or depositions, if requested, shall be completed by **May 8, 2008**.

(3) By **April 13, 2008**, counsel for plaintiff also may serve a notice to depose Leslie Brennan concerning the facts and opinions asserted in his affidavit. Such a deposition, if requested, shall be completed by **May 8, 2008**.

(4) At the conclusion of the discovery outlined above, counsel for plaintiff may file a motion seeking to require a search of any sources not reasonably accessible that counsel in good faith believes is justified.

As a final matter, I note that counsel for plaintiff maintains that defendants have violated their duty to preserve relevant evidence. (*See* Docket # 119 at 4-7). The record is bereft of evidence sufficient to assess either the date or time frame when the obligation arose or the

adequacy of the steps taken by defendants to comply with their preservation obligations. If plaintiff genuinely desires to press this issue, he must develop the record more fully and file a motion specifically identifying the relief that he seeks and the reasons he believes such relief is warranted.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to compel discovery of email communications between and among the parties **(Docket ## 71, 86)** is **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED.**

                                                      *s/Marian W. Payson*
                                                        MARIAN W. PAYSON
                                                 United States Magistrate Judge

Dated: Rochester, New York
       March   27  , 2008